

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Marvin H. Brown, Jr.
Criminal District Attorney
Fort Worth, Texas

Dear Sir:

> Att'n: Mr. Harry M. Ward, Assistant Crimi-
>       nal District Attorney.
>
> Opinion No. O-918
> Re: Authority of commissioners' court to
>       require county officials to pay into
>       County General Fund amount of office
>       expenses.

This will acknowledge receipt of your letter
of June 2, 1939, in which you asked the following question:

> "Is the commissioners' court of Tar-
> rant County acting within its authority in
> requiring county officials to pay into the
> County General Fund the individual office
> expenses of office supplies, books, station-
> ery, printing, and telephone from the in-
> dividual officers' salary fund maintained
> by each office, the fund arising either
> from fees of office or remittances from the
> County General Fund?"

You then give a statement of facts, in which
you show that each individual office maintains its
own officer's salary fund, the money in the fund ac-
cruing either from fees of office or from remittances
from the county General Fund. All office supplies,
books, stationery, and printing are bought by the pur-
chasing department of Tarrant County and are paid for
from the County General Fund after being properly ap-
proved by the auditor. All such supplies are kept
by the purchasing department and issued to the various

officials upon requisition. At the end of each month,
the county auditor bills each official for the costs
of the supplies used during the month by the depart-
ment and requires that each official pay from its of-
ficer's salary fund to the County General Fund the
cost of such supplies used; likewise, the telephone
expense of each office is paid originally from the
County General Fund and in turn billed to each offi-
cial.

We presume the county procures its office
supplies, stationery, printing, etc., in accordance
with the provisions of Articles 2358, et seq., R. C. S.,
1925, and the generally recognized rule that the com-
missioners' court is vested with power to manage and
direct the financial affairs of the county.

See 11 Tex. Jur. 603;
Sparks v. Kaufman County (Civ. App.,
writ refused), 194 S. W. 605.

The maintenance of an officer's salary fund
by each office in counties of more than 190,000 popu-
lation is sanctioned by section 19(i) of article 3912e,
Vernon's Annotated Revised Civil Statutes. This sta-
tute contains the following language:

"* * * such fund shall be kept separ-
ate and apart from all other county funds
and shall be held and disbursed for the pur-
pose of paying the salary of such officer,
the salaries of his deputies, assistants,
clerks, stenographers, and investigators who
are authorized to draw a salary from said
fund under the provisions of this section
and to pay the authorized and approved ex-
penses of his office ***  (Underscoring ours).

Subsection (k) of the same Act contains the
following:

" * * * the commissioners' court shall
transfer from the General Fund of the County

to any officer's Salary Fund of such county such funds as may be necessary to pay the salaries <u>and other legally authorized claims</u> * * * (Underscoring ours)."

Subsection (1) contains the following pertinent language:

"And such officer shall be entitled to file claims for and <u>issue warrants in payment of all actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, premiums on deputies' bonds, and other necessary expenses</u> * * *

"At the close of each month of the tenure of his office, each officer named herein shall make as a part of the report required by subsection (o) of this section an itemized and sworn statement <u>of all expense claims</u> paid during said month * * * <u>Such deputies, assistants, clerks, or other employees as well as expenses shall be paid from the Officer's Salary Fund</u> in cases in which the officer is on a salary basis, * * * (Underscoring ours)."

The foregoing provisions of Vernon's Art. 3912e, Sec. 19, are a part of the original Officer's Salary Bill passed by the Forty-fourth Legislature at its Second Called Session. (General and Special Laws of Texas, Forty-fourth Legislature, Vol. 3 at p. 1774, et seq.) This legislation was approved on November 15, 1935 and by its own terms became effective on January 1, 1936.

Article 3899b of Vernon's Annotated Civil Statutes, cited by you, is not deemed by us to be in conflict with the Officer's Salary Bill, but may be construed in consonance therewith. However, if there be conflict, the statute last receiving approval would control. Art. 3899b was passed originally in 1929, the last amendment thereto becoming the law

May 17, 1935,

From the above and foregoing we conclude the commissioners' court of Tarrant County is within its legal power in requiring the various county and district officials to pay the various items of expenses mentioned, and that the General Fund must be reimbursed as provided.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY (s) Benjamin Woodall
                              Assistant

BW:OMB

APPROVED JUN 21, 1939          APPROVED
GERALD C. MANN                 Opinion Committee
ATTORNEY GENERAL OF TEXAS      By C. C. C.  Chairman